UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Securenet Systems Corporation<br>Petitioner/ Plaintiff<br><br>V.<br><br>Pamela Bondi, Attorney General;<br>Kristi Noem, Director of U.S.<br>Department of Homeland Security<br>U.S. Citizenship and Immigration<br>Services; Federal Bureau of<br>Investigation<br>Respondents/Defendants | **Civil Action No.**<br><br>**PLAINTIFF'S ORIGINAL COMPLAINT FOR WRIT IN THE NATURE OF MANDAMUS AND VIOLATION OF THE ADMINISTRATIVE PROCEDURES ACT** |

PLAINTIFF'S ORIGINAL COMPLAINT FOR
WRIT IN THE NATURE OF MANDAMUS AND VIOLATION
OF THE ADMINIATRATIVE PROCEDURES ACT

This action is brought by the Petitioner, Securenet Systems Corporation against the Defendants to compel the acceptance for filing the Petitioner/ Plaintiff's I-140 immigrant worker petition on behalf of the Beneficiary Mounika Nalajala, who the Defendants have improperly withheld processing numerous times to the Plaintiff's detriment.

PARTIES

1. Background: The Petitioner/Plaintiff, Securenet Systems Corporation (USCIS case number IOE 0930975636), is a corporation located in Two City Place Drive, 2nd Floor, St. Louis MO, that conducts business throughout the United States including Massachusetts.

2. Federal Bureau of Investigation/ Defendant

3. The Respondent/ Defendant, Pamela Bondi, is being sued in her official capacity as the Attorney General of the United States. In this capacity, she is responsible for the administration of the immigration laws, pursuant to **8 CFR section 264.5 (b)(7)**, and she possesses extensive discretionary powers to grant certain relief to aliens. More specifically, the Attorney General is responsible for the adjudication and the issuance of Lawful Permanent Resident Documentation Cards for immigrants pursuant to section **8 CFR section 264.5 (b)(7)** of the Immigration and Nationality Act ("INA"), **8 U.S.C. section 214.2(h)**. The U.S. Citizenship and Immigration Service is an agency within the Department of Justice to whom the Attorney General's supervision.

4. The Respondents/Defendants, Department of Homeland Security and the U.S. Citizenship and Immigration Services are the agencies responsible for enforcing the Immigration and Nationality Act ("INA") and for adjudication the application filed by the Applicant. The Department of Homeland Security will be referred to hereinafter as the "DHS" and the U.S. Citizenship and Immigration Services will be referred to as the "CIS"

## JURISDICTION

5. Jurisdiction in this case is proper under 28 U.S.C. sections 1331 and 1361, 5 U.S.C. section 701 et seq., and 28 U.S.C. section 2201 et seq. Relief is requested pursuant to said statutes.

## VENUE

1. Venue is proper in this court, pursuant to 28 U.S.C. section 1391 the, in that this is an action against officers and agencies of the United States in their official capacities, brought in the district where a Defendant resides and where a substantial part of the events or omissions giving rise to the Plaintiff's claim occurred. More specifically, the attorney that did the work on the case that is the subject of this action was, and is, located in Mansfield, Ma, therefore information received that demonstrates the Plaintiff's action, which are the subject of this filing, come from CIS offices throughout the United States and Massachusetts.

## EXHAUSTION OF REMEDIES

The requisite exhaustion of remedies are demonstrated within the cause of action for the Mandamus and violation of the Administrative Procedures Act

## CAUSE OF ACTION

1. An ETA 9089 Labor Certification was certified in this case on or about July 1, 2021, with validity dates from July 1, 2021, through December 28, 2021(See exhibit A);

2. Accordingly, the Plaintiff filed an I-140 Petition for Immigrant Worker for the Beneficiary listed above (See exhibit B- copy of receipt notice demonstrating said filing);

3. The filing of the I-140 was on December 22, 2021, within the listed validity period for said filing;

4. The Plaintiff after not hearing anything about the case for an extended amount of time, looked up the case status online and found out that the I-140 was denied (See exhibit C);

5. Even after numerous attempts, no denial was ever received;

6. Therefore, the only recourse available was to refile the I-140;

7. An I-140, with ETA-9089 labor and supporting documentation were submitted on January 29, 2025 (which was returned due to the I-140 being filed outside the validity period of the ETA-9089), the

case was submitted two more time on February 12, 2025, and on March 21, 2025, with the supporting law and USCIS Memorandum in support of said law (See exhibit D);

8. The law states that "Validity of the LC— 20 CFR §656.30(b). An LC is no longer valid indefinitely, and expires if not filed in support of an I-140 petition within 180 calendar days of the date it was granted by DOL. Mutasa v. USCIS, 531 F.Supp.3d 888 (D.N.J. 2021) [where applicant filed I-140 with missing page USCIS had the authority to return it; when petition was resubmitted but beyond the 180-day validity period for the labor certification, I-140 was properly denied]. LCs granted prior to July 16, 2007 (the effective date of the regulations), must have been filed no later than 180 days from July 16, 2007. 72 FR 27904 (May 17, 2007). Elim Church of God v. Harris, 722 F.3d 1137 (9th Cir. 2013) [upheld validity of DOL 180-day regulation and finding it does not have retroactive effect]; Durable Mfg. Co. v. DOL, 578 F.3d 497 (7th Cir. 2009) [same]. **USCIS will continue to accept copies of the LC, even if expired, if it is filed with an amended or duplicate I-140, where the original LC was filed in support of a previously filed petition when the LC was valid**. [emphasis added] (formerly) AFM 22.2(b)(3)(F). This exception to the 180-day validity period of the LC may occur: (1) when an amended or duplicate I-140 is filed; (2) when a new petition is required due to successor-in-interest; (3**) where the petitioning employer wishes to file a new petition subsequent to the denial, revocation or abandonment of the previously filed petition and the LC was not invalidated due to material misrepresentation or fraud;** [emphasis added] (4) where the amended petition is requesting a different visa classification than the previously filed petition; and (5) when USCIS or DOS determines the I-140 was lost. Id. If the 180th day falls on a Saturday, Sunday, or federal legal holiday, USCIS will accept the filing on the next business day, i.e., the next day that is not a Saturday, Sunday, or federal legal holiday. Memo, Neufeld, Acting Assoc. Director, Domestic Operations, USCIS, HQ 70/6.2, AD 07-26 (Sept. 14, 2009), at 2 AILA Doc. No. 09110465; (formerly) AFM 22.2(b)(3)(F)(ii); 8 CFR §1.2 (defining "day"). For the LC to be valid the CO must sign the ETA 9089. Albert Einstein Med. Ctr., 2009-PER-379 to -391, 2009-PER-433, 435-37 (Nov. 21, 2011) (en banc) at p. 23 [where DOL posted approval on website, but CO had not signed the ETA 9089, it was not certified]. DOL may revoke an LC at any time for fraud or willful misrepresentation, obvious errors or for grounds or issues associated with the LC process. 69 FR at 77365. Labor certifications are now electronically issued. An ETA-9089 sent electronically must be printed and then signed and dated by the foreign worker, the employer and the preparer (if applicable). Together with the final determination letter, the ETA-9089 must be sent with the I-140 to USCIS. Electronic Issuance of PERM Certifications Becomes Permanent, reprinted in 97 No. 38 Interpreter Releases Art. 10 (Oct. 5, 2020)."

9. The Service Center, even though the initial form I-140 Petition for Immigrant Worker was denied. It was properly filed within the validity period of the original form 9089 Labor Certification (as demonstrated in exhibits A and B), with no indication of fraud. Therefore, pursuant to the above-mentioned law, the Service Center has repeatedly, for no valid reason arbitrarily and capriciously continually rejected the re-filing of the Plaintiffs petition of its employee, which effects not only the fact that the employee can not move forward towards her lawful permanent residence and making them a full permanent employee of the Plaintiff, but the Plaintiff is incurring mounting additional costs from continually having to apply for non-immigrant visas. Further, if the case were actually accepted and approved, under AC21 of the H-1B portability laws, it would entitle the Plaintiff to file for longer periods of time as an H-1B saving thousands of dollars in fees.

## CONCLUSION

WHEREFORE, the Plaintiff respectfully prays that this honorable Court enter an order:

1. Requiring the Defendants to accept the Plaintiff's I-140 Petition for adjudication

2. Award the Plaintiff all costs and reasonable attorney fees associated with this matter; and

3. The Court grant such further relief as is just, lawful and equitable under the circumstances.

Respectfully submitted,

/s/ *Seth D. Miller*

Seth D. Miller, Esquire
Attorney for Plaintiff
Miller & Associates, P.C.
100 Copeland Drive, Suite 100
Mansfield, MA 02048
(508) 339-1155
(508) 339-1255 facsimile
seth@millerandassociateslaw.com
(BBO# 629773)

## CERTIFICATE OF SERVICE

I, Seth D. Miller, hereby certify that I have served a copy of this document electronically, upon:

U.S. Department of Homeland Security
U.S. Citizenship & Immigration Service
Office of the District Counsel
JFK Federal Building- Rm. 425
Government Center
Boston, MA 02203

U.S. Citizenship and Immigration Services
JFK Building- Room E-160
Government Center
Boston, MA 02203
Attn.: Denis Riordan, District Director

U.S. Attorney's Office
U.S. Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210

Attorney General Pamela Bondi
U.S. Department of Justice
950 Pennsylvania Ave., NW
Washington, DC 20530-0001

Federal Bureau of Investigation
One Center Plaza
Suite 600
Boston, MA 02108